FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
DEC 01 2017
LONG ISLAND OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOGAN LANDES and JAMES GODDARD, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SONY MOBILE COMMUNICATIONS (U.S.A.), INC. and SONY ELECTRONICS, INC., <br><br> Defendants. | Case No. 2:17-cv-2264-JFB-SIL <br><br> [PROPOSED] <br> FINAL ORDER APPROVING <br> CLASS ACTION SETTLEMENT |

WHEREAS, the Court, having considered the Settlement Agreement dated July 12, 2017 (the "Settlement Agreement") between and among the Class Representatives, Plaintiffs' Class Counsel and Defendants Sony Mobile Communications (U.S.A.), Inc. and Sony Electronics, Inc. (together, "Sony"), the Court's August 3, 2017 Order Granting Preliminary Approval of the Class Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing (Dkt. No. 23) (the "Preliminary Approval Order"), having held a Fairness Hearing on December 1, 2017, and having considered all of the submissions and arguments with respect to the Settlement Agreement, and otherwise being fully informed, and good cause appearing therefore (all capitalized terms have the meaning set forth in the Settlement Agreement);

IT IS HEREBY ORDERED AS FOLLOWS:

1. This Final Order Approving the Class Action Settlement ("Final Order") incorporates, and makes a part hereof, the Settlement Agreement, the Preliminary Approval Order, and all exhibits to the Settlement Agreement and the Preliminary Approval Order. Unless

otherwise provided herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Order and the accompanying Final Judgment.

2. The Court has personal jurisdiction over all parties in this Action, including but not limited to all Class Members.

3. This Court has subject matter jurisdiction over this Action, including without limitation jurisdiction to approve the Settlement Agreement, grant final certification of the Class, to settle and release all claims released in the Settlement Agreement and to dismiss this Action with prejudice and enter final judgment in the Action.

## I. THE SETTLEMENT CLASS

4. Based on the record before the Court, including all submissions in support of the Settlement Agreement, objections and responses thereto and all prior proceedings in the Action, as well as the Settlement Agreement itself and its related documents and exhibits, the Court hereby certifies the following nationwide Class (the "Class") for settlement purposes only:

> All persons, entities or organizations who, at any time as of or before August 3, 2017, purchased, own(ed), received as a gift or received as a customer service exchange the Mobile Devices[1] manufactured, marketed, sold and/or distributed by Sony Mobile Communications (USA), Inc. in any of the fifty States, the District of Columbia and Puerto Rico. Excluded from the Class are: (a) any persons or entities that purchased or acquired the Mobile Devices for commercial use or resale; (b) any claims aggregators; (c) any person who claims to be an assignee of rights associated with the Mobile Products; (d) Sony Mobile Communications (USA) Inc., their officers, directors and employees; their affiliates and affiliates' officers, directors and employees; their distributors and distributors' officers, directors and employees; (e) Plaintiffs' Class Counsel; (f) judicial officers and their immediate family members and associated court staff assigned to this case; and (g) persons or entities who or which timely and properly exclude themselves from the Class.

---

[1] Mobile Devices are defined as the models included in Appendix A to this Order.

5. The Court finds that only those persons/entities/organizations listed on Appendix B to this Final Order have timely and properly excluded themselves from the Class and, therefore, are not bound by this Final Order or the accompanying Final Judgment.

6. The Court finds, for settlement purposes and conditioned upon the entry of the Final Order and Final Judgment and upon the occurrence of the Final Effective Date, that the Class meets all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3):

> (a) *Numerosity.* The Class, which is ascertainable, consists of nearly a million members located throughout the United States and satisfies the numerosity requirement of FED. R. CIV. P. 23(a)(1). Joinder of these widely-dispersed, numerous Class Members into one suit would be impracticable.
>
> (b) *Commonality.* There are some questions of law or fact common to the Class with regard to the alleged activities of Sony in this case. These issues are sufficient to establish commonality under FED. R. CIV. P. 23(a)(2).
>
> (c) *Typicality.* The claims of Class Representatives are typical of the claims of the Class Members they seek to represent for purposes of settlement.
>
> (d) *Adequate Representation.* Plaintiffs' interests do not conflict with those of absent members of the Classes, and Plaintiffs' interests are co-extensive with those of absent Class Members. Additionally, this Court recognizes the experience of Plaintiffs' Class Counsel Nancy Kulesa and Shannon Hopkins of Levi & Korsinsky LLP. Plaintiffs and their counsel have prosecuted this action vigorously on behalf of the Class. The Court finds that the requirement of adequate representation of the Class has been fully met under FED. R. CIV. P. 23(a)(4).
>
> (e) *Predominance of Common Issues.* The questions of law or fact common to the Class Members, as pertains to consideration of the Settlement, predominate over any questions affecting any individual Class Member.
>
> (f) *Superiority of the Class Action Mechanism.* The class action mechanism provides a superior procedural vehicle for settlement of this matter compared to other available alternatives. Class certification promotes efficiency and uniformity of judgment because the many Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

7. The designated Class Representatives are confirmed as follows: Logan Landes and James Goddard. The Court finds that these Class Members have adequately represented the

DMSLIBRARY01\31349895.v1

Class for purposes of entering into and implementing the Settlement Agreement. The Court reaffirms the appointment of Nancy A. Kulesa and Shannon L. Hopkins of Levi & Korsinsky LLP as Plaintiffs' Class Counsel.

8. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Class.

## II. NOTICE TO CLASS MEMBERS

9. The record shows and the Court finds that notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order (Dkt. No. 23). The Court finds that such notice: (i) constitutes reasonable and the best practicable notice to Class Members under the circumstances of the Action; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons who do not exclude themselves from the Class, (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED. R. CIV. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

10. The Court further finds that the Parties, through the Settlement Notice Administrator, provided notice of the Settlement Agreement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period to

4

comment or object to the Settlement Agreement before entering its Final Order and Final Judgment.

### III. FINAL APPROVAL OF SETTLEMENT AGREEMENT

11. The Court finds that the Settlement Agreement resulted from extensive arm's length, good faith negotiations between Plaintiffs' Class Counsel and Sony, through experienced counsel.

12. Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves, in all respects, the Settlement as set forth in the Settlement Agreement and finds that the Settlement, the Agreement, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Class and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law. The Court hereby declares that the Settlement Agreement is binding on all Class Members, except those identified on Appendix B, and it is to be preclusive in the Action. The decisions of the Class Action Settlement Administrator relating to the review, processing, determination and payment of Claims submitted pursuant to the Agreement are final and not appealable.

13. The Court finds that the Settlement Agreement is fair, reasonable and adequate based on the following factors, among other things: "(a) the complexity, expense and likely duration of the litigation; (b) the reaction of the class to the settlement; (c) the stage of the proceedings and the amount of discovery completed; (d) the risks of establishing liability; (e) the risks of establishing damages; (f) the risks of maintaining the class action through the trial; (g) the ability of the defendants to withstand a greater judgment; (h) the range of reasonableness of the settlement fund in light of the best possible recovery; and (i) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *See*

5

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)).

14. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. In addition, the Parties are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement as (i) shall be consistent in all material respects with this Final Order, and (ii) do not limit the rights of the Class.

15. The Court has considered all objections, timely and proper or otherwise, to the Settlement Agreement and denies and overrules them as without merit.

### IV. DISMISSAL OF CLAIMS, RELEASE AND INJUNCTION

16. The Action is hereby dismissed with prejudice on the merits and without costs to any party, except as otherwise provided herein or in the Settlement Agreement.

17. Upon entry of this Final Order and the Final Judgment, Named Plaintiffs and each Class Member (except those listed on Appendix B), on behalf of themselves and any other legal or natural persons who may claim by, through or under them, agree to fully, finally and forever release, relinquish, acquit, discharge and hold harmless the Released Parties from any and all claims, demands, suits, petitions, liabilities, causes of action, rights, and damages of any kind and/or type which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) regarding the subject matter of the Action, including, but not limited to, compensatory, exemplary, punitive, expert and/or attorneys' fees or by multipliers, whether past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative or direct, asserted or unasserted, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, violations of any state's deceptive, unlawful, or unfair business or trade

practices, false, misleading or fraudulent advertising, consumer fraud or consumer protection statutes, any breaches of express, implied or any other warranties, RICO, or the Magnuson-Moss Warranty Act, or any other source, or any claim of any kind related arising from, related to, connected with, and/or in any way involving the Action, claims involving waterproof, water resistant or similar terms, and/or the Mobile Devices that are, or could have been, defined, alleged or described in the Complaint, the Action, or any amendments of complaints filed in the Action, including, but not limited to, the communications, disclosures, nondisclosures, representations, statements, claims, omissions, messaging, design, manufacturing, testing, studies, advertising, marketing, promotion, packaging, displays, brochures, functionality, servicing, performance, warrantying, sale, resale, gift or replacement of the Mobile Devices relating to waterproof, water resistant or similar terms.

18. To the fullest extent they may lawfully waive such rights, Named Plaintiffs and all Class Members are deemed by Final Judgment and Final Order to acknowledge and expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions Section 1542 of the Civil Code of the State of California and any law of any state or territory that is equivalent to section 1542. Section 1542 provides that:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

19. The Court orders that the Settlement Agreement shall be the exclusive remedy for all claims released in the Settlement for all Class Members not listed on Appendix B, and that this Final Order, the Final Judgment and/or the Settlement Agreement may be raised as a complete defense to, and will preclude, any action or proceeding encompassed by the subject

matter herein. Therefore, except for those listed on Appendix B, Plaintiffs and each Class Member, and their representatives, are hereby permanently barred and enjoined from instituting, maintaining, prosecuting, asserting, and/or cooperating in the institution, commencement, filing, or prosecution of any suit, action, and/or proceeding against any of the Released Parties, either directly or indirectly, on their own behalf, on behalf of a class or on behalf of any other person or entity with respect to the claims, causes of action and/or any other matters released through the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement and the Action.

20. Without in any way limiting its scope, and, except to the extent otherwise specified in the Settlement Agreement, the Release covers by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, costs or any other fees, costs, and/or disbursements incurred by any attorneys, Plaintiffs' Class Counsel, Named Plaintiffs or Class Members who claim to have assisted in conferring the benefits under this Settlement upon the Class.

21. In consideration for the Settlement, Sony and its past or present officers, directors, employees, agents, attorneys, predecessors, successors, affiliates, subsidiaries, divisions, and assigns shall be deemed to have, and by operation of this Final Approval Order shall have, released Plaintiffs' Class Counsel and each current and former Named Plaintiffs from any and all causes of action that were or could have been asserted pertaining solely to the conduct in filing and prosecuting the litigation or in settling the Action.

## V.   **OTHER PROVISIONS**

22. Without affecting the finality of this Final Order or the accompanying Final Judgment, the Court retains continuing and exclusive jurisdiction over the Action and all matters

relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, to protect and effectuate this Final Order and the accompanying Final Judgment, and for any other necessary purpose. The Parties, the Class Representatives, and each Class Member not listed on Appendix B are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including the exhibits thereto, and only for such purposes.

23. In the event that the Final Effective Date does not occur, certification of the Class shall be automatically vacated and this Final Order and the accompanying Final Judgment, and other orders entered in connection with the Settlement and releases delivered in connection with the Settlement, shall be vacated and rendered null and void as provided by the Settlement Agreement.

24. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Order and the accompanying Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

25. Nothing in this Final Order or the accompanying Final Judgment shall preclude any action in this Court to enforce the terms of the Settlement Agreement.

26. Neither this Final Order nor the accompanying Final Judgment (nor any document related to the Settlement Agreement) is or shall be construed as an admission by the Parties.

Neither the Settlement Agreement (or its exhibits), this Final Order, the accompanying Final Judgment, or any document related to the Settlement Agreement shall be offered in any proceeding as evidence against any of the Parties of any fact or legal claim; provided, however, that Sony and the Released Parties may file any and all such documents in support of any defense that the Settlement Agreement, this Final Order, the accompanying Final Judgment and any other related document is binding on and shall have res judicata, collateral estoppel, and/or preclusive effect in any pending or future lawsuit by any person who is subject to the release described above, in Paragraphs 17-20, asserting a released claim against any of the Released Parties.

27. The Class Action Settlement Administrator shall fulfill any escheatment obligations that arise.

28. A copy of this Final Order shall be filed in, and applies to, the Action.

SO ORDERED this 1st day of December, 2017.

_____
U.S.D.J. Joseph F. Bianco

11

## APPENDIX A

## MOBILE DEVICES

| |
|---|
| Xperia M2 Aqua |
| Xperia M4 Aqua |
| Xperia ZR |
| Xperia Z Ultra |
| Xperia Z1 |
| Xperia Z1 Compact |
| Xperia Z1s (T-Mobile) |
| Xperia Z2 |
| Xperia Z3 |
| Xperia Z3 Compact |
| Xperia Z3 (T-Mobile) |
| Xperia Z3v (Verizon) |
| Xperia Z3 Dual |
| Xperia Z3+ Dual |
| Xperia Z3+ |
| Xperia Z5 |
| Xperia Z5 Compact |
| Xperia Z2 Tablet (WiFi) |
| Xperia Z2 Tablet (LTE) |
| Xperia Z2 Tablet (Verizon LTE) |
| Xperia Z3 Tablet Compact (WiFi) |
| Xperia Z3 Tablet Compact (LTE) |
| Xperia Z4 Tablet (WiFi) |
| Xperia Z4 Tablet (LTE) |

## APPENDIX B

## PERSONS, ENTITIES AND ORGANIZATIONS THAT HAVE PROPERLY EXCLUDED THEMSELVES FROM THE CLASS

DMSLIBRARY01\31349895.v1